1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| 11 AMBER DUTRO, GLENDA STRIPES, SARAH DUTRO, MARTHA McKNELLY, 12 FRANCES SMITH, and CHRISTINA MOORE, 13 Plaintiffs, 14 v. 15 COUNTY OF CONTRA COSTA, 16 CALVERY OPEN BIBLE CHURCH, CITY OF ANTIOCH, ART ACOSTA, 17 DEMETREE BARAKOS, WILLIAM DEE, JACK ROGERS, TOM POTTS, MARK 18 WOOD, ANTHONY LEE, and ROES 11 TO 100, 19 Defendants. 20 | Case No. 12-cv-02972 NC  **ORDER GRANTING THE CITY AND COUNTY DEFENDANTS' MOTIONS TO DISMISS THE SECOND AMENDED COMPLAINT AND REMANDING CASE TO STATE COURT**  Re: Dkt. Nos. 78, 80, 81, 82 |

21

22      This action was brought by plaintiffs against the County of Contra Costa, County

23  employees, the City of Antioch, Antioch police officers, Calvary Open Bible Church, and

24  Church employees for injuries sustained as a result of sexual abuse committed by plaintiffs'

25  parents, Zion Dutro and Glenda Lea Dutro.  All defendants now move to dismiss the second

26  amended complaint under Federal Rule of Civil Procedure 12(b)(6), asserting that

27  plaintiffs' claims are time-barred.  Because the Court finds that the second amended

28  complaint does not contain any new facts sufficient to establish the application of the

1   delayed discovery rule, equitable tolling, or equitable estoppel as to the claims against the

2   City and the County defendants under 42 U.S.C. § 1983, these claims are dismissed without

3   leave to amend.  Having thus dismissed the only federal law claims in this case, the Court

4   now declines to exercise its jurisdiction over plaintiffs' state law claims against the Church

5   defendants and REMANDS the case to state court.

## I. BACKGROUND

### A.    Procedural History

This action was originally filed in state court as two separate lawsuits.  Dkt. No. 66 at

8.  On September 23, 2011, plaintiff Martha McKnelly filed her original complaint against

all defendants in California Superior Court, Contra Costa County.  *Id.*  Three months later,

plaintiffs Amber Dutro, Sarah Dutro, Glenda Stripes, Frances Smith, and Christina Moore,

using fictitious names, filed their initial complaint in the same court.  *Id.*  On May 7, 2012,

plaintiffs collectively filed a first amended complaint, adding McKnelly as a named

plaintiff.  *Id.*  Plaintiffs subsequently dismissed the McKnelly action.  *Id.*

In the first amended complaint, plaintiffs asserted the following claims against

defendants: (1) violation of plaintiffs' civil rights under 42 U.S.C. § 1983 against the

County, Rogers, and Potts; (2) violation of plaintiffs' civil rights under 42 U.S.C. § 1983

against the City, Acosta, Barakos, and Dee; (3) violations of plaintiffs' civil rights under 42

U.S.C. § 1985 against the City, Acosta, Barakos, and Dee; (4) violations of plaintiffs' civil

rights under 42 U.S.C. § 1986 against the City, Acosta, Barakos, and Dee; (5) state law

claims against the County, Rogers, and Potts; (6) state law claims against the Church,

Wood, Lee, and Acosta; and (7) state law claims against the City, Acosta, Barakos, and

Dee.  Dkt. No. 1-1 ¶¶ 63-85.  On June 8, 2012, the case was removed to this Court based

on federal question jurisdiction.  Dkt. No. 1 ¶ 3.  The parties consented to the jurisdiction

of a magistrate judge under 29 U.S.C. § 636(c).  Dkt. Nos. 6, 35-37.

Defendants separately moved to dismiss plaintiffs' first amended complaint,

asserting that plaintiffs' claims are all barred under the applicable statute of limitations.

*See* Dkt. Nos. 7, 9, 13, 25, and 32.  On October 18, 2012, the Court issued an order

1  granting defendants' motions to dismiss.  Dkt. No. 66.  The Court found that, with the

2  exception of McKnelly, plaintiffs failed to file their state law claims for sexual abuse

3  against the City and the County defendants prior to the age of 26, and therefore dismissed

4  those claims with prejudice.  *Id.* at 28.  Because all plaintiffs failed to comply with the

5  requirements of the Tort Claims Act, the Court dismissed with leave to amend plaintiffs'

6  state law non-sexual abuse claims, and McKnelly's sexual abuse and non-sexual abuse

7  claims, against the City and the County.  *Id.*  The Court also dismissed with leave to amend

8  plaintiffs' state law sexual abuse and non-sexual abuse claims against the Church

9  defendants as barred by the applicable statute of limitations.  *Id.* at 29.  Finally, the Court

10 dismissed with leave to amend plaintiffs' federal claims under 42 U.S.C. §§ 1983, 1985,

11 and 1986 as time-barred.  *Id.*  The Court allowed plaintiffs leave to amend to plead facts

12 that establish application of the delayed discovery rule, equitable tolling, or equitable

13 estoppel.  *Id.*

14 **B.     Plaintiffs' Second Amended Complaint**

15      On November 30, 2012, plaintiffs filed a second amended complaint.  Dkt. No. 77.[1]

16 In the second amended complaint, plaintiff McKnelly alone brings claims under 42 U.S.C.

17 § 1983 against the City and County defendants for failure to follow mandatory duties,

18 violation of her constitutional rights, and right to due process.  *Id.* ¶¶ 45-52, 55-65.  All

19 plaintiffs assert claims for breach of mandatory duties under state law against the Church

20 defendants.  *Id.* ¶¶ 67-79.  The second amended complaint states that, based on the Court's

21 October 18 order on defendants' motions to dismiss, plaintiffs "are not seeking damages

22 for non-sexual abuse; rather, they have limited all of their claims to damages from sexual

23 abuse."  *Id.* n.1.

24 //

---

[1] The factual history of the abuse suffered by plaintiffs at the hands of their parents, Zion Dutro and
Glenda Lea Dutro, from 1982 through 2003, as well as the alleged actions taken by the City, the
County, and the Church defendants, are discussed in the Court's October 18 order on defendants'
motions to dismiss and will not be repeated here.  *See* Dkt. No. 66.

Case No. 12-cv-02972 NC
ORDER RE: MOTIONS TO DISMISS                3
AND REMANDING CASE

1  **C.     The Pending Motions**

2        The City and County defendants now move to dismiss the § 1983 claims asserted by

3  plaintiff McKnelly in the second amended complaint under Federal Rule of Civil

4  Procedure 12(b)(6) as time-barred and for failure to state a claim upon which relief can be

5  granted.  Dkt. Nos. 78, 80.  The Church defendants move to dismiss plaintiffs' state law

6  claims, asserting that these claims are time-barred and fail to state a claim, and also move

7  in the alternative for a more definite statement under Federal Rule of Civil Procedure 12(e).

8  Dkt. No. 81.  Finally, the Church defendants move to strike plaintiffs' claims for punitive

9  damages under Federal Rule of Civil Procedure 12(f).  Dkt. No. 82.[2]

10                              **II. LEGAL STANDARD**

11        To survive a motion to dismiss, a complaint must contain sufficient factual matter,

12  accepted as true, to state a claim for relief that is plausible on its face.  *Bell Atl. Corp. v.*

13  *Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The

14  plausibility standard is not akin to a probability requirement, but it asks for more than a

15  sheer possibility that a defendant has acted unlawfully . . . . Where a complaint pleads facts

16  that are merely consistent with a defendant's liability, it stops short of the line between

17  possibility and plausibility of entitlement to relief."  *Iqbal*, 556 U.S. at 678 (quoting

18  *Twombly*, 550 U.S. at 556-57) (internal quotation marks omitted).  All allegations of

19  material fact are taken as true and are construed in the light most favorable to the non-

20  moving party.  *Coal. For ICANN Transparency, Inc. v. VeriSign, Inc.*, 611 F.3d 495, 501

21  (9th Cir. 2010).  However, a court is not required to accept as true conclusory allegations,

22  unreasonable inferences, or unwarranted deductions of fact.  *See Manzarek v. St. Paul Fire*

23  *& Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  Additionally, a pleading that

24  offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of

25

26  [2] In their reply brief, the City defendants request that the Court take judicial notice of certain
legislative history materials in support of their motion to dismiss the second amended complaint.
Dkt. Nos. 87 n.3; 87-1.  The materials relate to the City defendants' contention that McKnelly's §
27  1983 claim lacks facial plausibility, which the Court does not reach in this order.  Thus, while the
Court may take judicial notice of legislative history under Federal Rule of Evidence 201, it declines
28  to do so here.

1  action will not do." *Twombly*, 550 U.S. at 555.  Where a court dismisses for failure to state

2  a claim under Rule 12(b)(6), it should normally grant leave to amend unless it determines

3  that the pleading could not possibly be cured by the allegation of other facts.  *Cook, Perkiss*

4  *& Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990).

5  **III. DISCUSSION**

6  **A.   The City and County Defendants' Motions to Dismiss Are Granted.**

7  **1.   McKnelly's 42 U.S.C. § 1983 Claims Are Barred by Cal. Civ. Proc. Code § 335.1.**

8

9  As an initial matter, McKnelly and the City and County defendants disagree about

10  which statute of limitations applies to her § 1983 claims.  In its October 18 order on the

11  motions to dismiss the Court held that plaintiffs' § 1983 claims were governed by the two-

12  year residual statute of limitations for personal injury actions in California.  Dkt. No. 66 at

13  27; Cal. Civ. Proc. Code § 335.1; *Taylor v. Regents of Univ. of California*, 993 F.2d 710,

14  711 (9th Cir. 1993).  McKnelly now argues that, because in the second amended complaint

15  she has limited her claims to claims for sexual abuse only, not other types of physical abuse,

16  § 335.1 does not apply here.  Dkt. No. 84 at 13-14.  McKnelly urges the Court to "borrow"

17  Code of Civil Procedure § 340.1 as the "most analogous" statute of limitations because "it

18  applies to damages for childhood sexual abuse, which is exactly the type of claim Martha

19  has filed."  *Id.*  For certain defendants, Code of Civil Procedure § 340.1 contains a delayed

20  discovery rule of "three years of the date the plaintiff discovers or reasonably should have

21  discovered that psychological injury or illness occurring after the age of majority was

22  caused by the sexual abuse."  Cal. Civ. Proc. Code § 340.1(a).

23  McKnelly's argument is contrary to the settled principle that "in the event that the

24  state has multiple statutes of limitations, 'courts considering § 1983 claims should borrow

25  the general or residual statute for personal injury actions.'"  *Silva v. Crain*, 169 F.3d 608,

26  610 (9th Cir. 1999) (quoting *Owens v. Okure*, 488 U.S. 235, 250 (1989)).  Notably, the

27  Supreme Court in *Owens* cited California Civil Procedure Code § 340.1 as part of a

28  "nonexhaustive list illustrat[ing] the frequency with which States have enacted multiple

1  statutes of limitations governing intentional torts." *Owens*, 488 U.S. at 244 n.8.  The Court

2  rejected the invitation to borrow intentional tort limitation periods as "most analogous" to §

3  1983 claims in favor of a general or residual statute reasoning that the latter allowed

4  potential § 1983 plaintiffs and defendants to "readily ascertain, with little risk of confusion

5  or unpredictability, the applicable limitations period in advance of filing a § 1983 action."

6  *Id.* at 242-48.  McKnelly has not cited any authority supporting her contention that Code of

7  Civil Procedure § 340.1 provides the statute of limitations applicable to § 1983 claims.

**2.      The Statute of Limitations on McKnelly's § 1983 Claims Is Not Tolled by the Delayed Discovery Rule, Equitable Tolling, or Equitable Estoppel.**

In actions where the federal court borrows the state statute of limitations such as in this § 1983 action, the court borrows all applicable provisions for tolling the limitations period found in state law.  *See Lucchesi v. Bar-O Boys Ranch*, 353 F.3d 691, 694 (9th Cir. 2003).  The primary issue before the Court here is whether McKnelly has pled sufficient facts to establish the application of the delayed discovery rule, equitable tolling, or equitable estoppel doctrines.  This Court has already determined that the first amended complaint did not set forth sufficient facts to invoke these doctrines.  The second amended complaint does not cure this deficiency.

**a.      Delayed Discovery Rule**

In her second amended complaint McKnelly alleges that her federal claim is timely under California Code of Civil Procedure § 340.1 because, according to McKnelly, "[c]ommon law rules regarding accrual and discovery of the claim do not apply under section 340.1."  Dkt. No. 77 ¶¶ 44, 54, citing *Quarry v. Doe I*, 53 Cal. 4th 945, 983-84 (2012) ("[W]e do not believe the Legislature intended that common law delayed discovery principles should apply to cases governed by section 340.1.").  This argument is based, however, on the incorrect premise that § 340.1 provides the applicable statute of limitations for her § 1983 claims.  Because the § 1983 claims are governed by the statute of limitations for personal injury actions in Code of Civil Procedure § 335.1, McKnelly's reliance on the *Quarry* case is misplaced.  The Court here will apply the delayed discovery rule under

Case No. 12-cv-02972 NC
ORDER RE: MOTIONS TO DISMISS          6
AND REMANDING CASE

1   California common law.  In her opposition, McKnelly makes no attempt to show the

2   existence of facts in the second amended complaint supporting the application of the

3   common law delayed discovery rule.  The Court finds that the second amended complaint

4   does not state sufficient facts to toll the § 1983 claims against the City and County

5   defendants under the delayed discovery rule.

6        Federal law determines when a civil rights claim accrues.  *See Elliott v. City of Union*

7   *City*, 25 F.3d 800, 801-02 (9th Cir. 1994).  Under federal law, a claim accrues when the

8   plaintiff knows or has reason to know of the injury which is the basis of the action.  *Kimes*

9   *v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996).  Like the first amended complaint, the

10  allegations of the second amended complaint establish that, absent tolling, McKnelly's §

11  1983 causes of action against the City and County defendants accrued in 1995.  *See* Dkt.

12  No. 66 at 20-22.

13       The allegations of the second amended complaint reveal that McKnelly was aware

14  that the City police officers investigated reports of abuse by Zion Dutro back in 1995, Dkt.

15  No. 77 *¶¶* 22-24; that he was not immediately arrested and was instead allowed to return

16  home to the children, *id. ¶¶* 24, 29; that he was given an opportunity to intimidate plaintiffs

17  into denying the full extent of the abuse and that the abuse of plaintiffs became worse, *id.*

18  *¶¶* 25, 29; that the County's Child Protective Services ("CPS") did not interview plaintiffs

19  for approximately two weeks after Glenda Stripes reported the abuse, *id.* ¶ 30; that in 1995,

20  the CPS conducted the interviews of plaintiffs in the presence of the abusers and in an

21  accusatory manner that prevented plaintiffs from telling the truth and seeking CPS'

22  assistance despite the fact that "Plaintiffs had very much wanted the opportunity to ask CPS

23  what would happen to them if they had been abused and to find out if what their parents had

24  told them was true," *id. ¶¶* 30-32; that despite Zion Dutro's confession and during his

25  probation CPS never returned to the Dutro household again and did nothing to prevent

26  further abuse or even check on plaintiffs, *id. ¶¶* 32, 35; and that the City police did not arrest

27  Zion Dutro after plaintiffs Sarah Dutro and Christina Moore reported in 2003 that Zion

28  Dutro had molested them, *id.* ¶ 37.  McKnelly thus had sufficient information as early as

1   1995 that City police and the County CPS investigated reports of abuse and that plaintiffs

2   had continued contact with Zion Dutro notwithstanding the City and County's involvement.

3   McKnelly thus had all of the facts necessary at that time to determine whether she had a

4   viable claim against the City and County defendants.

5        Under the delayed discovery rule, the accrual of an action may be postponed and the

6   running of the limitations period tolled "until the plaintiff discovers, or has reason to

7   discover, the cause of action." *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 807

8   (2005). A plaintiff has reason to discover a cause of action when she "has reason at least to

9   suspect a factual basis for its elements." *Id.*; *see also S.M. v. Los Angeles Unified Sch.*

10   *Dist.*, 184 Cal. App. 4th 712, 717 (2010) ("[W]e look to whether the plaintiffs have reason

11   to at least suspect that a type of wrongdoing has injured them."). The discovery rule delays

12   accrual only until the plaintiff has, or should have, inquiry notice of the cause of action.

13   *Fox*, 35 Cal. 4th at 807-08. In order to rely on the discovery rule for delayed accrual of a

14   cause of action, "[a] plaintiff whose complaint shows on its face that his claim would be

15   barred without the benefit of the discovery rule must specifically plead facts to show: (1)

16   the time and manner of discovery; *and* (2) the inability to have made earlier discovery

17   despite reasonable diligence." *McKelvey v. Boeing N. Am., Inc.*, 74 Cal. App. 4th 151, 160

18   (1999). In assessing the sufficiency of the allegations of delayed discovery, the court places

19   the burden on the plaintiff to "show diligence" as "conclusory allegations will not withstand

20   demurrer." *Id.* In other words, plaintiffs are required to conduct a reasonable investigation

21   after becoming aware of an injury, and are charged with knowledge of the information that

22   would have been revealed by such an investigation." *Fox*, 35 Cal. 4th at 808-09.

23        The second amended complaint does not allege any new facts to justify delayed

24   accrual. In connection with their state law claims against the Church defendants, plaintiffs

25   allege that they could not have discovered or "reasonably begin to discover that injuries

26   occurring during their adulthood were caused by the molestation until within three (3) years

27   of the commencement of this action," as they did not speak to a licensed psychiatrist or

28   psychologist until September 2011, after Zion Dutro was sentenced to life imprisonment.

1   Dkt. No. 77 ¶¶ 71-73.  Plaintiffs further assert that "Plaintiffs did not discover and could not

2   reasonably discover the causal connection between the sexual abuse and the emotion and

3   psychological damage they suffered throughout their lives until Zion was finally sentenced

4   to life imprisonment where he could not longer physically or emotionally injure them."  *Id.*

5   ¶ 74.

6         The Court does not express an opinion as to whether the allegations of the second

7   amended complaint would be sufficient to toll the statute of limitations under California

8   Code of Civil Procedure § 340.1; *see Quarry*, 53 Cal. 4th at 984 ("[P]laintiffs assert that

9   their action is timely because they were not aware that their adult psychological injury was

10  caused by childhood abuse.  That theory was not accepted under the common law as a

11  ground for application of the delayed discovery rule. . . . Such an assertion is recognized

12  solely by virtue of section 340.1.").  Under the common law discovery rule, however, the

13  circumstances known to McKnelly long before 2011 prompted a duty to investigate whether

14  the City and County defendants committed any wrong resulting in her injuries.  *See Doe v.*

15  *Roman Catholic Bishop of Sacramento*, 189 Cal. App. 4th 1423, 1431-32 (2010).  That she

16  may have been ignorant of the legal theories underlying her causes of action is irrelevant to

17  the delayed discovery analysis.  *See Norgart v. Upjohn Co*., 21 Cal. 4th 383, 399 n.2 (1999)

18  (finding that a plaintiff discovers the cause of action when he at least suspects a factual

19  basis, as opposed to a legal theory, for its elements).

20              **b.      Equitable Tolling**

21        McKnelly's opposition to the City and County defendants' motions to dismiss does

22  not address equitable tolling.  As acknowledged by the Court in its October 18 order,

23  California law allows the tolling of a statute of limitations for minors or for persons

24  considered "insane."  Cal. Civ. Proc. Code § 352.  Applying the tolling provision based on

25  minority to McKnelly's § 1983 claim, the statute of limitations cannot extend beyond 2005,

26  two years after she turned eighteen in 2003.  Dkt. No. 66 at 22-23.  Furthermore, like the

27  first amended complaint, the second amended complaint does not allege facts demonstrating

28  that McKnelly was "insane" within the meaning of § 352.  *Id.; see DeRose v. Carswell*, 196

1  Cal. App. 3d 1011, 1027 (1987) (defining "insanity" as "a condition of mental derangement

2  which renders the sufferer incapable of caring for [her] property or transacting business, or

3  understanding the nature or effects of [her] acts," citations and internal quotations omitted).

4  Accordingly, the doctrine of equitable tolling does not extend McKnelly's § 1983 claims

5  beyond 2005.

6         **c.      Equitable Estoppel**

7         A public entity may be estopped from asserting the limitations of the claims statute

8  where its agents or employees have prevented or deterred the filing of a timely claim by

9  some affirmative act. *John R. v. Oakland Unified Sch. Dist.*, 48 Cal. 3d 438, 445 (1989).

10  The Court previously held that the allegations in the first amended complaint do not

11  establish that plaintiffs were ignorant of the true state of facts, or that plaintiffs relied on

12  defendants' actions in delaying their lawsuit as required to establish equitable estoppel.

13  Dkt. No. 66 at 23-24; *see Doheny Park Terrace Homeowners Ass'n, Inc. v. Truck Ins.*

14  *Exch.*, 132 Cal. App. 4th 1076, 1099 (2005).  McKnelly's opposition to the current motions

15  to dismiss does not address the issue of equitable estoppel.  The second amended complaint

16  does not reveal any new factual allegations sufficient to establish equitable estoppel against

17  the City or County defendants.

18         **3.      Leave to Amend Is Denied.**

19         McKnelly asserts that, if the Court finds that she has failed to state a claim against the

20  City and County defendants, she should be allowed leave to amend "to provide additional

21  allegations if necessary."  Dkt. Nos. 84 at 20; 85 at 22-23.  Her § 1983 claims against these

22  defendants, however, are time-barred.  Despite the opportunity to amend her complaint to

23  allege a factual basis supporting the application of the delayed discovery rule, equitable

24  tolling, or equitable estoppel, McKnelly has failed to do so.  Aside from her conclusory

25  assertion, she has provided no explanation for what additional facts she would allege if

26  allowed further leave to amend, and how those facts would save her § 1983 claims from

27  being time-barred.  In light of McKnelly's failure to cure the previously identified

28  deficiencies in her complaint, the Court finds that allowing further leave to amend her

1  § 1983 claims would be futile and unduly prejudicial to the City and County defendants

2  who have been forced to defend against claims based on alleged conduct that occurred

3  many years ago. *See Mir v. Fosburg*, 646 F.2d 342, 347 (9th Cir. 1980) ("a district court

4  has broad discretion to grant or deny leave to amend, particularly where the court has

5  already given a plaintiff one or more opportunities to amend his complaint to allege federal

6  claims"); *Sisseton-Wahpeton Sioux Tribe of Lake Traverse Indian Reservation, N. Dakota*

7  *& S. Dakota v. United States*, 90 F.3d 351, 355-56 (9th Cir. 1996) (in reviewing denial of

8  leave to amend complaint, the Ninth Circuit considers whether there is bad faith, undue

9  delay, prejudice to opposing party, futility of amendment, and whether plaintiff has

10 previously amended complaint).

11 **B.      Plaintiffs' State Law Claims against the Church Defendants Are Remanded.**

12         Because the Court has granted the City and County defendants' motions to dismiss

13 McKnelly's § 1983 claims, the only claims remaining in this case are plaintiffs' claims

14 against the Church defendants under state law.  It is thus appropriate for the Court to

15 consider whether it should decline to exercise supplemental jurisdiction over plaintiffs' state

16 law claims before turning to the merits of the Church defendants' pending motions.  A

17 district court "may decline to exercise supplemental jurisdiction" if it "has dismissed all

18 claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  "[I]n the usual case

19 in which all federal-law claims are eliminated before trial, the balance of factors to be

20 considered under the pendent jurisdiction doctrine—judicial economy, convenience,

21 fairness, and comity—will point toward declining to exercise jurisdiction over the

22 remaining state-law claims."  *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir.

23 2010) (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

24         The Court finds that this case presents the usual balance of factors and that the

25 circumstances do not justify the exercise of jurisdiction over the state law claims.  The

26 resources expended by the Court on this case have not been significant and have consisted

27 almost entirely in ruling on defendants' motions to dismiss the first and second amended

28 complaints.  Remanding the state law claims to state court, therefore, will not cause undue

1    duplication of effort.  Accordingly, the Court declines to exercise supplemental jurisdiction

2    over the state law claims in plaintiffs' Third Claim for Relief, Dkt. No. 77 at 66-79, and

3    remands the case to state court.

### IV. CONCLUSION

5    Because McKnelly has failed to plead facts that establish application of the delayed

6    discovery rule, equitable tolling, or equitable estoppel, her § 1983 claims against the City

7    and County defendants are dismissed without leave to amend.

8    The Court declines to exercise supplemental jurisdiction over plaintiffs' remaining

9    state law claims and does not rule on the Church's motions to dismiss, for more definite

10   statement, and to strike, Dkt. Nos. 81-82.

11   The Court orders the case remanded to the Superior Court of California, County of

12   Contra Costa.  The clerk is directed to terminate all deadlines and this case.

14   IT IS SO ORDERED.

15   Date: September 30, 2013

_____

Nathanael M. Cousins
United States Magistrate Judge